FILED SEP 24 2019 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BEVERLY BARTHA,
        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

---

**DECISION & ORDER**
18-cv-0168-JWF

## Preliminary Statement

Plaintiff Beverly Bartha ("plaintiff" or "Bartha") brings this action pursuant to the Social Security Act ("Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her application for benefits. See Compl. (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 8, 11. For the reasons explained more fully below, plaintiff's motion for judgment on the pleadings (Docket # 8), is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 11) is **denied**, and the case is remanded for further proceedings consistent with this Decision and Order.

## Procedural History

On June 5, 2014, plaintiff protectively filed her application for disability insurance benefits pursuant to Title II of the Act, alleging physical and mental disabilities with an onset date of October 28, 2013. See Administrative Record, Docket ## 5, 5-1 ("AR"), at 13. Her claim was initially denied. AR at 111-14.

1

Represented by counsel, plaintiff appeared before Administrative Law Judge Stephen Cordovani (the "ALJ") on October 3, 2016 for a hearing on the denial of her application. AR at 33-96. Plaintiff, her husband, and a vocational expert ("VE") all gave sworn testimony at the hearing. The ALJ issued an unfavorable decision on December 6, 2016. AR at 13-27. Plaintiff appealed that decision to the Appeals Council ("AC"), and the AC denied plaintiff's appeal on December 3, 2017. AR at 1-6.

Plaintiff commenced this action on February 1, 2018 (Docket # 1) and filed her motion for judgment on the pleadings on August 3, 2018 (Docket # 8). The Commissioner filed his motion for judgment on the pleadings on October 2, 2018 (Docket # 11), and plaintiff replied on October 23, 2018 (Docket # 12).

For purposes of this Decision and Order, the Court assumes the parties' familiarity with the medical evidence, the ALJ's decision, and the standard of review, which requires that the Commissioner's decision be supported by substantial evidence. See Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir. 2007) (so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed), cert. denied, 551 U.S. 1132 (2007).

## Discussion

In evaluating plaintiff's eligibility for benefits, the ALJ applied the familiar five-step sequential analysis and determined at Step Two that Bartha had the following severe impairments: coronary artery disease with remote history of myocardial infarction and prior right coronary artery stenting; low back pain; mood disorder; and anxiety. AR at 15. At Step Four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she could "occasionally climb ramps and stairs, stoop, and balance" and can "occasionally kneel crouch, and crawl," but cannot "climb ladders, ropes, or scaffolds" or work "around unprotected heights or dangerous moving mechanical parts." AR at 18. The ALJ further concluded that plaintiff could occasionally understand, remember, and carry out complex instructions and could frequently interact with supervisors, co-workers, and the general public. AR at 18. Finally, the ALJ found that Bartha could perform occasional independent decision-making and tolerate minimal changes in routine and processes, but she could not have supervisory duties. AR at 18.

One of plaintiff's contentions is that the RFC the ALJ assigned was not grounded on any functional assessment of plaintiff's physical impairments and therefore was not supported by substantial evidence. For the reasons that follow, I agree and remand this case back to the Commissioner for further proceedings.

3

With respect to plaintiff's physical limitations, the ALJ found that plaintiff had coronary artery disease and low back pain but concluded that plaintiff would be able to perform light work[1] and could climb, kneel, crouch, and crawl. AR at 18. Medical evidence supporting such explicit exertional limitations would presumably be part of the ALJ's RFC rationale. Here, however, there are no medical source statements in the record upon which the ALJ could base the RFC he assigned to plaintiff. See Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (holding that an ALJ "is not free to set his own expertise against that of a physician who" submitted an opinion before him); Hazlewood v. Comm'r of Soc. Sec., No. 6:12-CV-798, 2013 WL 4039419, at *5 (N.D.N.Y. Aug. 6, 2013) ("Although the RFC determination is reserved for the commissioner, the RFC assessment is still a medical determination that must be based on medical evidence of record, and the ALJ may not substitute his own judgment for competent medical opinion.").

The Commissioner concedes that there was no opinion evidence as to plaintiff's exertional limitations (Comm'r's Mem. of Law in Support of Mot. for J. on Pleadings (Docket # 11-1), at 25), but relies on Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5 (2d Cir. 2017) (summary order) in arguing that the ALJ could forego medical opinion evidence in formulating an RFC. See Docket # 11-1, at 24-

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

4

25. In Monroe, the Second Circuit held that where "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, . . . a medical source statement or formal medical opinion is not necessarily required." Id. at 8 (internal quotations and citations omitted). The Second Circuit held that "[b]ecause the ALJ reached her RFC determination based on the [treating doctor's] contemporaneous treatment notes — while at the same time rejecting his post hoc medical opinion ostensibly based on observations memorialized in those notes — that determination was adequately supported by more than a mere scintilla of evidence." Id. at 8-9.

That is not the case here. Indeed, the medical record, including the opinion evidence, is devoid of any assessment of plaintiff's exertional limitations and does not even contain any useful discussion of such limitations. To be sure, the ALJ acknowledged that plaintiff had several severe impairments such as lower back pain and history of a heart attack. AR at 15. These impairments are substantiated by the record and were summarized by the ALJ. A lumbosacral spine CT performed on September 9, 2010 showed that "[t]here is mild degenerative facet arthropathy bilaterally at L4-5 and L5-S1." AR at 363. Over a year later, on October 6, 2011, a lumbar spine CT revealed that "[a]t L4-5, an annular bulge is suspected with facet arthropathy causing canal and neural foraminal narrowing. At L5-S1, annular bulge is

suspected. There is bilateral neural foraminal narrowing." AR at 361. Plaintiff's coronary artery disease, hypertension, hypothyroidism, restless leg syndrome, and acid reflux is also well-documented. AR at 396-97 (coronary artery disease); AR at 654 (aneurysm); AR at 754 (acid reflux, gastroesophageal reflux disease); AR at 758 (atypical chest pain).

What is <u>not</u> found in the record, however, is how these physical impairments impact plaintiff's ability to work. Where the record does not "contain a useful assessment of Plaintiff's physical limitations," <u>Monroe</u> is of no help to the Commissioner. <u>Johnson v. Comm'r of Soc. Sec.</u>, 351 F. Supp. 3d 286, 293 (W.D.N.Y. 2018); see <u>Williams v. Comm'r of Soc. Sec.</u>, 366 F. Supp. 3d 411, 417 (W.D.N.Y. 2019) (remanding where "no acceptable medical source provided an opinion regarding Plaintiff's RFC, and there are no underlying documents supporting any such evaluation"). In his decision, the ALJ evaluated the medical evidence and made the <u>functional</u> determination that (1) plaintiff "suffers from musculoskeletal and cardiac impairments which could reasonably be expected to interfere with her abilities to do more than light level lifting" and (2) plaintiff's "impairments also limit her to a reduced degree of postural activities and require she avoid certain environmental conditions that may prove to be dangerous or exacerbate her symptoms." AR at 19. This was error. "While in some circumstances, an ALJ may make an RFC finding without treating

6

source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" Muhammad v. Colvin, No. 6:16-cv-06369(MAT), 2017 WL 4837583, at *4(W.D.N.Y. Oct. 26, 2017) (quoting another source). "Thus, 'the ALJ may not interpret raw medical data in functional terms.'" Quinto v. Berryhill, No. 3:17-CV-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (quoting Deskin v. Comm'r of Soc. Sec., 605 F. Supp. 2d 908, 911-13 (N.D. Ohio 2008)).

The RFC the ALJ assigned limiting plaintiff to light work with the ability to climb, stoop, kneel, crouch, and crawl is not supported by the treatment notes or opinion evidence in the record. Indeed, it is not at all clear how plaintiff's coronary issues and back pain would contribute (or not) to her ability to work. On remand, it may be appropriate for the Commissioner to obtain a consultative examination to render an opinion on plaintiff's functional limitations. Where "the medical findings and reports merely diagnose the claimant's impairments without relating the diagnoses to specific physical, mental, and other work-related capacities, the administrative law judge's 'determination of residual functional capacity without a medical advisor's assessment of those capacities is not supported by substantial evidence.'" Palascak v. Colvin, No. 1:11-CV-592, 2014 WL 1920510 (W.D.N.Y. May 14, 2014) (quoting another source); see Dye v. Comm'r

7

of Soc. Sec., 351 F. Supp. 3d 386, 394 (W.D.N.Y. 2019) ("The ALJ should have, at a minimum, secured a consulting physician to examine Plaintiff and render an opinion as to his functional limitations.")

## Conclusion

For the above reasons, the plaintiff's motion (Docket # 8) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 11) is **denied**, and the case is remanded for further proceedings consistent with this Decision and Order.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2019
Rochester, New York