UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BEVERLY ANN BARTHA,

                             Plaintiff,                DECISION AND ORDER
                                                               18-CV-0168-MJP

vs.

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.

_____

## INTRODUCTION

**Pedersen, M.J.** This was an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), which denied plaintiff Beverly Ann Bartha's ("Plaintiff") application for benefits. In a Decision and Order filed on September 24, 2019, ECF No. 14, the Honorable Jonathan W. Feldman granted Plaintiff's application for judgment on the pleadings and remanded the case to the Commissioner for further administrative proceedings. Now before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) & (b). (Mot. for EAJA Fees, Dec. 24, 2019, ECF No. 16.) The application is granted.

## BACKGROUND

The facts of this case were set forth in the Court's prior Decision and Order and need not be repeated here. *Bartha v. Astrue,* No. 18-CV-160-JWF, 2019 WL 4643584 (W.D.N.Y. Sept. 24, 2019). Briefly, Plaintiff maintained that the

Administrative Law Judge ("A.L.J.") erred because of arriving at a residual functional capacity, with "no medical source statements in the record upon which the ALJ could base the RFC he assigned to plaintiff." *Bartha*, 2019 WL 4643584, at *2. Plaintiff's attorney now seeks a fee award of $6,985.56 and costs of $400.00, based on 33.83 hours of work on this case. The Commissioner has not opposed the application.

## STANDARD OF LAW

"Under the EAJA, the Court must consider whether: (1) the claimant is a 'prevailing party'; (2) the Government's position was 'substantially justified'; (3) any 'special circumstances make an award unjust'; and (4) the fee application was submitted within thirty days of final judgment in the action." *Santos v. Astrue*, 752 F.Supp.2d 412, 415 (S.D.N.Y. 2010) (citing *Kerin v. United States Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000)) (citation omitted).

## DISCUSSION

The application here was submitted timely, the claimant was a prevailing party, and no special circumstances make the award of a fee unjust. The legal standard concerning "substantial justification" under EAJA is clear:

> A court shall award attorneys' fees under the EAJA "unless the court finds that the position of the United States was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 559 (1988) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (quoting *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983)).

*Santos v. Astrue*, 752 F. Supp. 2d 412, 415 (S.D.N.Y. 2010).

Administrative Law Judge ("A.L.J.") erred because of arriving at a residual functional capacity, with "no medical source statements in the record upon which the ALJ could base the RFC he assigned to plaintiff." *Bartha*, 2019 WL 4643584, at *2. Plaintiff's attorney now seeks a fee award of $6,985.56 and costs of $400.00, based on 33.83 hours of work on this case. The Commissioner has not opposed the application.

## STANDARD OF LAW

"Under the EAJA, the Court must consider whether: (1) the claimant is a 'prevailing party'; (2) the Government's position was 'substantially justified'; (3) any 'special circumstances make an award unjust'; and (4) the fee application was submitted within thirty days of final judgment in the action." *Santos v. Astrue*, 752 F.Supp.2d 412, 415 (S.D.N.Y. 2010) (citing *Kerin v. United States Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000)) (citation omitted).

## DISCUSSION

The application here was submitted timely, the claimant was a prevailing party, and no special circumstances make the award of a fee unjust. The legal standard concerning "substantial justification" under EAJA is clear:

> A court shall award attorneys' fees under the EAJA "unless the court finds that the position of the United States was substantially justified." *Pierce v. Underwood*, 487 U.S. 552, 559 (1988) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for determining whether a position is "substantially justified" is one of reasonableness, and the Government has the burden of demonstrating reasonableness by a "strong showing." *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988) (quoting *Environmental Defense Fund, Inc. v. Watt*, 722 F.2d 1081, 1085 (2d Cir. 1983)).

*Santos v. Astrue*, 752 F. Supp. 2d 412, 415 (S.D.N.Y. 2010).

The Supreme Court has suggested that the Government's position would have to be somewhat "feeble" in order to warrant an award of fees under EAJA. *Pierce v. Underwood*, 108 S. Ct. at 2547 ("[O]ne would expect that where the Government's case is so feeble as to provide grounds for an EAJA award, there will often be (as there was here) a settlement below, or a failure to appeal from the adverse judgment."). The Commissioner must show that his position was substantially justified as to the issue upon which this Court remanded. *See Maxey v. Chater*, No. 93-CV-606 (RSP/GJD), 1996 WL 492906 at *3 (N.D.N.Y. Aug. 28, 1996) ("The Commissioner cannot prevail by arguing that she was substantially justified in some of the positions she took if she was not substantially justified on the issue—failure to develop the record—that caused [the district court] to remand this case.").

In this case, the Court finds that the Commissioner's position was not substantially justified. Abundant case law since at least 2016 in this District has held that an A.L.J. may not interpret raw medical data to arrive at a residual functional capacity, unless "the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source.'" *Bartha*, slip. op. at 7 (citations omitted). Accordingly, the Court will grant Plaintiff's application for an EAJA fee award.

Plaintiff's counsel argues in his memorandum of law that the EAJA hourly amount of $125.00, established in 1996, ought to be increased as a result of the current consumer price index to $206.49, and provides the algebraic calculation showing how he arrived at that figure. (Pl.'s Mem. of Law at 4, Dec. 14, 2019, ECF

3

NO. 16-1.) He cites to cases from the Eastern District of Missouri, and the Eighth and Ninth Circuits in support. The statute states in relevant part that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living … justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Second Circuit endorsed use of the consumer price index in *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992). Therefore, the Court will adopt Plaintiff's counsel's calculation and use an adjusted hourly rate of $206.49 multiplied by 33.83 hours, which the Court finds is a reasonable fee and time spent on this matter.

## CONCLUSION

Plaintiff's motion for an award of EAJA fees (ECF No. 16) is granted. The Clerk will enter an award of $6,985.56, along with $400.00 in costs to Plaintiff's counsel under the Equal Access to Justice Act.

IT IS SO ORDERED.

DATED:   May 11, 2020
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge